**W. L. McCloud, Appellee, v. W. H. Hogle and Frank A. Gilbreath, Appellants.**

**Gen. No. 6,246.   (Not to be reported in full.)**

Appeal from the Circuit Court of Iroquois county; the Hon. Arthur W. Deselm, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Action for fraud and deceit by W. L. McCloud, plaintiff, against W. H. Hogle and Frank A. Gilbreath, defendants. From a judgment for plaintiff against him, W. H. Hogle appeals.

The plaintiff was a dealer in automobiles and Hogle was a merchant. Gilbreath on and before May 7, 1910, owned one hundred and twenty acres of land in Issaquena county, Mississippi, subject to a first mortgage of about $250. On that date he gave a second mortgage on the land to one Sam Finney to secure an indebtedness said to have grown out of bucket shop transactions. There being default in payment of the mortgage, Finney foreclosed the equity of redemption in a proceeding in the Chancery Court of Issaquena county. The record of that court shows that on December 6, 1911, there was a finding: "That publication has been duly made in the manner and form and for the time

required by law,'' and Gilbreath and his wife, the defendants in the suit, were defaulted and the bill taken as confessed against them. The next day a decree of sale was entered barring the defendants' equity of redemption upon the making of the sale. The sale was made pursuant to the order in the decree to Sam Finney for $500, which was approved by the court July 17, 1912. More than a year afterwards, August, 1913, Hogle offered to trade plaintiff Gilbreath's supposed equity in this land for an automobile valued at $1,650, stating positively that the title to the land was in Gilbreath subject only to the first mortgage. A bargain was made and Hogle signed a memorandum in writing in which he agreed to furnish a deed of conveyance from the owner of the land to plaintiff, and to clear the land of incumbrance and pay $650 in cash for the automobile. Plaintiff inquired about the value of the land and the amount due on the first mortgage, which he learned was $261.05. Hogle procured Gilbreath and wife to convey the land by warranty deed to plaintiff, subject only to the first mortgage, and gave plaintiff his check covering the $650 cash payment and the $261.05 necessary to pay and discharge the mortgage, and took the automobile. Plaintiff paid the mortgage and sent a release with his deed to Issaquena county for record and did not discover for several months afterwards that he had no title to the land. Hogle had traded Gilbreath an old automobile for his supposed equity of redemption, and said he had no knowledge of a second mortgage and that he procured the deed direct from Gilbreath and wife to McCloud to save a recording fee, and for no other purpose; that he supposed there was no other incumbrance on the land, though Gilbreath had before told him there was a judgment against him down there in Mississippi but it was for a gambling debt and was not good; that he did not tell plaintiff about the judgment because he did not consider it valid; that he always understood a gambling judgment

was not good, and that Gilbreath had told him there was no service on him, and he took Gilbreath's word that the judgment was invalid.

John P. Pallissard, a lawyer who was representing Gilbreath in the trial of this case, was called by plaintiff as a witness and testified that he prepared the deed from Gilbreath and wife to plaintiff at Hogle's instance, but that at sometime prior to that transaction, Hogle had come to inquire about the land, and said Gilbreath had suggested that he do so. Pallissard at the time knew something about the title and knew about the Finney mortgage. He testified that he went into the title pretty thoroughly in his discussion with Hogle; that the Finney mortgage may not have been mentioned by name, but it was mentioned that there was a second mortgage. Hogle denied this conversation and denied that he was ever informed by anybody before the deed was made that there was a second mortgage on the land.

NELLY B. KESSLER and EDWARD P. HARNEY, for appellants.

FRANK HARRY, for appellee; J. W. KERN and C. G. HIRSCHI, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EXCHANGE OF PROPERTY, § 8*—*when evidence sufficient to show making of false statement as to title relied upon by purchaser.* Where the defendant in an action for fraud and deceit, in the representation as to title to land, informed the plaintiff that certain land which he caused to be deeded to the plaintiff was unincumbered except as by a first mortgage, and on the trial admitted that the owner had told him that there was a judgment on record against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

him, in the State where the land was situated, for a gambling debt, which the defendant said he considered for that reason invalid, and there was other testimony to the effect that the defendant had been informed that there was a second mortgage on the land, evidence *held* to justify a finding that the defendant had made a material statement as to the title to the land which he knew was false, or had no good reason to believe was true, and to conclusively prove that the plaintiff believed the statement and acted on it.

2.. FRAUD, § 18*—*when action lies.* Where one, not open to the charge of negligence in so doing, believes and acts upon a material statement of another, who either knows that such statement is false or has no good reason to believe it to be true, an action for fraud and deceit will lie.

3. WITNESSES, § 27*—*who may be witness.* While it is unethical and bad practice for a lawyer to act as both attorney and witness in the same case, still the fact that he is acting as attorney does not, in itself, disqualify him from testifying.

4. WITNESSES, § 165*—*when attorney may testify as to conversations with client.* An attorney may testify as to conversations with a client which occurred before the relation of attorney and client arose.

5. EVIDENCE, § 240*—*when copy of mortgage inadmissible.* A copy of a mortgage on land in a foreign State *held* improperly admitted in evidence, where the certificate of the clerk of the County Court recited that he was *ex officio* recorder, but the certificate of the judge failed to so recite.

6. EVIDENCE, § 245*—*when certified transcript of court record admissible.* A duly certified transcript of the record, of a court of general jurisdiction of a foreign State, of a suit in which a mortgage was foreclosed, reciting that due service was made by publication, *held* properly admitted in evidence and good as against collateral attack, though it did not show what the laws of such State were as to such service, nor that such steps were taken as would have made the service good in Illinois.

7. EXCHANGE OF PROPERTY, § 8*—*what is measure of damages for fraud and deceit.* In an action for fraud and deceit where, owing to defendants' fraud, the plaintiff acquired no title to land for which he exchanged an automobile, the measure of damages was *held* to be, not the value of the land, but the value of the automobile.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.